## L. Albert Fishblate *v.* William McCullough, Appellant.

*Physicians—Rights as registered practitioners.*

By the Act of May 18, 1893, P. L. 94, a registry of a physician in Pittsburg in 1883 which was in due compliance with the Act of June 8, 1881, P. L. 72, duly accredits such registered physician to practice in Philadelphia county.

*Appeals—Review of refusal to open judgment.*

Where the reasons, assigned in support of a motion to open judgment, are supported only by defendant's own testimony, are met categorically by the testimony of the plaintiff and are held insufficient by the court below the appellate court will not disturb the judgment.

Argued Oct. 11, 1898.   Appeal, No. 108, Oct. T., 1898, by defendant, from order of C. P. No. 3, Phila. Co., June T., 1897, No. 1083, refusing rule to open judgment.   Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to open judgment.   Before McMICHAEL, J.

It appears from the record that judgment was entered July 10, 1897 by virtue of a single bill under seal given by defendant to plaintiff for $140.   On March 7, 1898, defendant presented his petition, praying for a rule to show cause why the judgment should not be opened and defendant let into a defense, which rule the court below discharged, allowing the defendant a credit of $30.00.   Defendant appealed.

*Error assigned* was refusing to open judgment and let defendant into a defense.

*Charles F. Linde*, for appellant.—The laws of Pennsylvania require that each physician must be registered in the prothonotary's office of the county wherein he is a practitioner of medicine : Act of June 8, 1881, P. L. 72.   See also Act of May 18, 1893, P. L. 94.

This contract was illegal per se, and the law will not lend support to a claim founded on its own violation : Coppell v. Hall, 7 Wallace, 542 ; Mitchell v. Smith, 1 Binn. 110 ; Seidenbender v. Charles, 4 S. & R. 150.

The opinion of the court below reported in 7 Dist. Rep. 364,

indicates, that which was perhaps the truth, that there was nothing the matter with the defendant, the judge saying that it seems to have been a case of "malade imaginaire," and if that was true, it was the duty of the plaintiff as a reputable physician to inform the defendant, that there was nothing the matter with him, but instead led the defendant to believe he was still suffering from a malady and prescribed for it a year afterwards. This theory is corroborated by the testimony of Dr. Wharton, who practically says that there was nothing the matter with the defendant.

The decision of the question does not depend on the oath of the defendant alone, but to this are added circumstances from which inferences may be fairly drawn corroborative of his petition, which are sufficient to overcome the writing: Stockwell v. Webster, 160 Pa. 473.

If the judge is in doubt as to the weight of evidence, or as to credibility of the witnesses, a prudent course would suggest the aid of a jury: Jenkintown Bank's Appeal, 124 Pa. 337; Crawford v. Ruth, 4 Pa. Superior Ct. 612; Fisher v. Holbrook, 7 Pa. Superior Ct. 650.

*Clifton Maloney*, with him *Andrew J. Maloney*, for appellee. —The provisions of the acts cited by the appellant apply only to physicians registering in this commonwealth after the first day of March, 1894; those registered before that date being exempted from compliance with the aforesaid provisions by sec. 15 of the Act of May 18, 1893, P. L. 94.

This very question was decided by the common pleas of Lawrence county, in a recent decision in Commonwealth v. Townley, 7 Dist. Rep. 413, where the reasons for this exception in the act of May 18, 1893, are fully discussed.

The application of the defendant to the court below to open the judgment was an appeal to the discretion of the court. Prior to the Act of April 4, 1877, P. L. 53, this discretion could not have been reviewed on appeal except for gross abuse. Since that act the appellate court can review the decision of the lower court, but the act did not take away the discretion of the court below and on appeal this court will only decide whether the discretion has been properly exercised: Kelber v. Plow Co., 146 Pa. 485; Smith v. Times Publishing Co., 178 Pa. 481, 505.

OPINION BY WILLIAM W. PORTER, J., December 15, 1898:

The judgment sought to be opened was entered upon a judgment note given by the defendant to the plaintiff in payment for medical services to be rendered.

The grounds of the application were, first, that the plaintiff not being a registered physician, his contract was void. Second, that the medical services and treatment did not result in a cure, and that a cure was guaranteed. Third, that the defendant was not allowed sufficient credit on the judgment.

It appears from the plaintiff's testimony that he was a physician registered in Pennsylvania according to the laws of Pennsylvania, and that in 1883 he was registered in the prothonotary's office at Pittsburg. This testimony is met by a certificate of search from the prothonotary's office in Philadelphia, dated May 23, 1898, showing that the plaintiff was not at that date registered as a practitioner of medicine and surgery in Philadelphia county. By the act of June 8, 1881, every person who shall practice medicine or surgery is required to present to the prothonotary of the county in which he or she resides or sojourns his or her medical diploma, etc., whereupon the prothonotary shall enter the facts in the register. The plaintiff, by his testimony above stated, brought himself within the act by registration in the prothonotary's office in Pittsburg in 1883.

The act of May 18, 1893, requires that no person shall enter upon the practice of medicine or surgery unless he or she has complied with the provisions of the act, and· shall have exhibited to the prothonotary of the court of common pleas of the county in which he or she desires to practice, a license granted as provided by the act, and that thereupon he or she shall be duly registered in said county, and that any person violating the provisions of the act shall be guilty of a misdemeanor.

This legislation might throw some doubt on the plaintiff's right to practice medicine in Philadelphia county, were it not that the act of May 18, 1893, contains the following exemption: "Nothing in this act shall be construed to prohibit the practice of medicine and surgery within this commonwealth by any practitioner who shall have been duly registered before the first day of March, 1894, according to the terms of the act entitled 'An act to provide for the registration of all practitioners of medicine and surgery, approved the 8th day of June, A. D. 1881,'

and one such registry shall be sufficient warrant to practice medicine and surgery in any county in this commonwealth." The plaintiff's registry in Pittsburg sufficiently accredited him as a practitioner. This disposes of the defendant's first ground of complaint.

The second ground laid for the application to open the judgment is the failure of the plaintiff to perform the services which were the consideration for the giving of the note. The defendant's assertions are supported by his own testimony only and are met categorically by the testimony of the plaintiff in denial. Under these circumstances the court will not disturb the judgment as entered.

The defendant was given all the credit he claimed in the court below. He was to pay the plaintiff $150. He testifies that he paid $10.00 in cash, and gave the note in suit for $140, and that since the giving of the note he made payments in cash of $30.00. The court below allowed credit to the defendant for $30.00 on the amount of the judgment.

For the reasons above set forth, the judgment of the court below is affirmed.